# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:20-cv-7475-JGB (MAR) | Date: June 16, 2021 |

Title: *Edward Buck v. Michael Carvajal, et al.*

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Valencia | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION**

On August 11, 2020, Plaintiff, a federal prisoner at the time of filing, and proceeding pro se, constructively filed[1] this Civil Rights Complaint ("Complaint") pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).[2] ECF Docket No. ("Dkt.") 1. On September 9, 2020, the Court ordered Plaintiff to file proofs of service no later than November 16, 2020. Dkt. 4. The Court's Order stated: "Plaintiff shall file proofs of service showing compliance with this paragraph within 90 days after the filing of the complaint, i.e., **no later than November 16, 2020**. Non-compliance with this paragraph may result in issuance of an order to show cause re dismissal for failure to prosecute." Id. at 2. The mail containing the Order was returned to the Court on September 11, 2020 and resent to Plaintiff on December 17, 2020.[3] Dkt. 5. The Court received no response from Plaintiff.

On April 23, 2021, the Court issued an Order Dismissing the Complaint with Leave to Amend ("ODLA"), ordering Plaintiff to file a First Amended Complaint no later than May 14, 2021. Dkt. 7. The Court's Order stated: "**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure**

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] Plaintiff checked a box on the Civil Rights Complaint Form indicating the Complaint is being filed pursuant to 42 U.S.C. § 1983 ("section 1983"). Dkt. 1 at 1. However, all the listed Defendants are federal actors. Id. at 3–4. Thus, his claims actually arise under Bivens, and, accordingly, the Court construed the Complaint as a Bivens action. See Dkt. 7; Van Strum v. Lawn, 940 F. 2d 406, 409 (9th Cir. 1991) (noting section 1983 and Bivens actions are functionally the same except for replacement of a state actor under section 1983 with a federal actor under Bivens); Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008) (holding that courts should liberally construe pro se documents).

[3] Though the first piece of mail sent to Plaintiff was returned to the Court, the next two (2) items sent were not. The Federal Bureau of Prisons' online database show Plaintiff is still incarcerated at Metropolitan Detention Center in Los Angeles—at the address the Court has on file for Plaintiff. Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (Plaintiff's BOP Register Number is 78687-112) (Last visited on June 11, 2021 5:00 PM).

**to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)**." Id. at 10.

To date, Plaintiff has failed to comply with the Court's February 25, 2021 ODLA. Plaintiff has not corresponded with the Court at all since filing the Complaint on August 11, 2020.

Accordingly, Plaintiff is ordered to show cause in writing **within twenty-one (21) days** of this Order why this action should not be dismissed under Rule 41(b) for failure to prosecute. See Fed. R. Civ. P. 41(b).

The Court will consider any of the following three (3) options to be an appropriate response to this OSC:
1. Plaintiff shall file a First Amended Complaint that addresses the deficiencies identified in the Court's April 23, 2021 ODLA;
2. Plaintiff shall provide the Court with an explanation as to why he has failed to file a First Amended Complaint; or
3. Plaintiff may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk is directed to attach a Notice of Dismissal form for Plaintiff's convenience.

**Failure to respond to the Court's Order may result in the dismissal of the action.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | ev |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), |  |
| v. |  |
|  | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). |  |

PLEASE TAKE NOTICE: (*Check one*)

☐  This action is dismissed by the Plaintiff(s) in its entirety.

☐  The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐  The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  **ONLY** Defendant(s) _____
_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____      _____
*Date*           *Signature of Attorney/Party*

*NOTE: **F.R.Civ.P. 41(a)**: This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*  **F.R.Civ.P. 41(c)**: Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*